# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 2011009691 |
| | ) | |
| MIGUEL RIVAS, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted:  February 21, 2023
Date Decided:  March 15, 2023

## ORDER

Upon consideration of Defendant's "Motion for Modification" ("Motion"), Superior Court Criminal Rule 35(b), statutory and decisional law, and the Record in this case, **IT APPEARS THAT:**

(1)    On January 19, 2023 Rivas was found in violation of probation.[1]

(2)    He was sentenced on that violation of probation as follows:  effective January 19, 2023, 2 years at Level 5 with credit for 14 days previously served, suspended for 14 months at Level IV Substance Abuse Treatment Program ("SATP").  Sentence is suspended after successful completion of Level IV SATP for balance at Level III.  Hold at Level V until space is available at Level IV SATP.[2]

---

[1] Rivas is on probation for Receiving Stolen Property Greater than $1500 – a felony.  D.I. 5.
[2] D.I. 11.

(3)     On February 21, 2023, Rivas filed a Motion for Modification asking the Court to modify the Level IV portion of his sentence to Level III GPS and treatment at the Banyan Rehabilitation.[3]  The grounds for his motion are: his mother is injured and needs him to take her to hospital appointments and pay medical expenses; he has a house to live in with a family and is building a support system in the community; he participates in the Road to Recovery Program; the work referral system is not taking anyone at this time; he has always had jobs; and he wants treatment in the community.[4]  He states that his Probation Officer supports this modification, he admits his mistakes and takes full responsibility for his actions.[5]

(4)     The sentence in this case was imposed pursuant to a Plea Agreement between the State and Defendant and signed by Defendant.[6]  Pursuant to Superior Court Criminal Procedural Rule 11(c)(1), the Court addressed Defendant personally in open court and determined that Defendant understood the nature of the charge to which the plea was offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.  Accordingly, Defendant

---

[3] Pursuant to Super. Ct. Cr. R. 35(b), the Court "may…reduce…the term or conditions of partial confinement or probation at any time."

[4] D.I. 13.

[5] The VOP Sentence Order was corrected on February 9, 2023 to add the VOP sentence on the Disregarding a Police Officer's Signal VN20-12-0557-01 which was inadvertently omitted from the January 19, 2023 Sentence Order.  D.I. 12.

[6] D.I. 4.

acknowledged in open court that the range of possible penalties included the sentence that was imposed by the Court in this case.

(5)    The Court finds that Defendant's sentence is appropriate for all the reasons stated at the time of sentencing.  No additional information has been provided to the Court that would warrant a modification of this sentence.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion for Modification of Sentence is **DENIED**.


        _/s/ Jan R. Jurden_
        Jan R. Jurden, President Judge


Original to Prothonotary

cc:    Jeffrey M. Rigby, Esq., DAG
       Miguel Rivas, SBI# 294054